**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-10-0000150**
**28-AUG-2013**
**09:59 AM**

NO. CAAP-10-0000150

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


GEOFFREY MOLFINO, Plaintiff-Appellant, v.
CHRISTOPHER J. YUEN, in his capacity as Planning Director,
County of Hawai'i; COUNTY OF HAWAI'I;
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE GOVERNMENTAL UNITS 1-10;
and DOE ENTITIES 1-10, Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 07-1-0378)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)


Plaintiff-Appellant Geoffrey Molfino (**Molfino**) appeals from a January 11, 2011 judgment in favor of Defendants-Appellees Christopher J. Yuen (**Yuen**), in his capacity as Planning Director for the County of Hawai'i, and the County of Hawai'i (**County**) (collectively, **Appellees**), entered by the Circuit Court of the Third Circuit (**Circuit Court**).[1]

Molfino's Opening Brief fails to include a "concise statement of the points of error set forth in separately numbered paragraphs", as required by Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4), but appears to primarily contend that the Circuit Court erred in granting summary judgment on his

---

[1] The Honorable Greg K. Nakamura presided.

negligence claim because Appellees had a duty to maintain accurate, relevant, timely and complete subdivision records.[2/]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Molfino's points of error as follows:

"It is well-established that, in order for a plaintiff to prevail on a negligence claim, the plaintiff is required to prove all four of the necessary elements of negligence: (1) duty; (2) breach of duty; (3) causation; and (4) damages." Kaho'ohanohano v. Dep't of Human Servs., State of Haw., 117 Hawai'i 262, 287 n.31, 178 P.3d 538, 563 n.31 (2008) (citation omitted).

HRS § 662-2 (1993) provides:

§662-2 **Waiver and liability of State.** The State hereby waives its immunity for liability for the torts of its employees and shall be liable in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

"The basic principle of governmental tort liability in Hawai[']i now is that the State and its political subdivisions shall be held accountable for the torts of governmental employees in the same manner and to the same extent as a private individual under like circumstances[.]" Cootey v. Sun Inv., Inc., 68 Haw. 480, 483, 718 P.2d 1086, 1089 (1986) (citation, internal quotation marks, ellipses, and brackets omitted; block quote format altered). However, not all negligent acts of government employees result in governmental liability. Cootey, 68 Haw. at 483-84, 718 P.2d at 1090.

"A prerequisite to any negligence action is the existence of a duty owed by the defendant to the plaintiff."

---

[2/] To the extent that Molfino attempts to identify other points of error, they appear to be derivative of the alleged duty to maintain accurate subdivision records.

<u>Cuba v. Fernandez</u>, 71 Haw. 627, 631, 801 P.2d 1208, 1211 (1990).
This element of negligence is "[a] duty, or obligation,
recognized by the law, requiring the [defendant] to conform to a
certain standard of conduct, for the protection of others against
unreasonable risks[.]" <u>Knodle v. Waikiki Gateway Hotel, Inc.</u>, 69
Haw. 376, 383, 742 P.2d 377, 385 (1987) (citation omitted; block
quote format altered). "Whether such a duty exists is a question
of law." <u>Cuba</u>, 71 Haw. at 631, 801 P.2d at 1211 (citation
omitted).

In determining whether there was a duty owed by the
County to Molfino, "our task is to balance the policy
considerations supporting recovery by the injured party against
those favoring a limitation of the County's liability." <u>Cootey</u>,
68 Haw. at 484, 718 P.2d at 1090 (citations omitted).

The Hawai'i Supreme Court has further explained:

> In deciding whether a duty exists or not, we must determine
> how far it is desirable and socially expedient to permit the
> loss distributing function of tort law to apply to
> governmental agencies, without thereby unduly interfering
> with the effective functioning of such agencies for their
> own socially approved ends. Government entities are
> mandated by law to perform a variety of activities which
> have no counterpart in the voluntary activities of private
> persons. Our system of separate but equal branches of
> government demands restraint on the part of the courts from
> reordering priorities and forcing reallocation of resources
> upon the other branches which make policy decisions in this
> regard.

<u>Cootey</u>, 68 Haw. at 485, 718 P.2d at 1090-91 (internal citations
and quotation marks omitted).

"Whether there is a duty of care owed by the government
tortfeasor to the injured party should be determined by an
analysis of legislative intent of the applicable statute or
ordinance." <u>Cootey</u>, 68 Haw. at 485, 718 P.2d at 1091.

Rule § 1-8 of the Planning Department Rules of Practice
and Procedure[3] provides:

---

[3]     Molfino argued in the Circuit Court that Appellees have a duty to
maintain records based on Planning Department Rules of Practice and Procedure

(continued...)

1-8     **Public Records.**
        All public records shall be available for inspection
        by any person during established office hours unless
        public inspection of such records is in violation of
        any other state, federal, or county law; provided
        that, except where such records are open under any
        rule of court, the Corporation Counsel or Prosecuting
        Attorney may determine which records may be withheld
        from public inspection when such records pertain to
        the preparation of the prosecution or defense of any
        action or proceeding to which the County is or may be
        a party, or when such records do not relate to a
        matter in violation of law and are deemed necessary
        for the protection of the character or reputation of
        any person.

        Copies of records printed or reproduced for persons
        other than governmental agencies shall be given to any
        person, provided that the fees or costs prescribed in
        the Hawai['] County Code are paid.

Rule § 1-8 does not expressly impose a duty upon the Planning Department to maintain all records or keep them in any particular condition. Rule § 1-8 is similar to the Uniform Information Practices Act (**UIPA**), codified at HRS Chapter 92F,[4/] and the federal Freedom of Information Act (**FOIA**), 5 U.S.C. § 552.

UIPA does not "impose[] an affirmative obligation upon a government agency to maintain records[,]" but it "requires agencies to provide access to those records that are actually maintained." Nuuanu Valley Ass'n v. City & Cnty. of Honolulu, 119 Hawai'i 90, 97, 194 P.3d 531, 538 (2008) (citations and internal quotation marks omitted). Similarly, FOIA "does not obligate agencies to create or retain documents; it only

---

[3/] (...continued)
§ 1-8. For the first time on appeal, Molfino contends that various other statutes impose a duty upon Appellees to maintain records. We agree with Appellees that an argument not raised in the lower court will be deemed to have been waived on appeal. State v. Moses, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal; this rule applies in both criminal and civil cases.").

[4/]     HRS § 92F-11(b) provides, in relevant part:  "[E]ach agency upon request by any person shall make government records available for inspection and copying during regular business hours[.]"

obligates them to provide access to those which it in fact has created and retained." State of Haw. Org. of Police Officers (SHOPO) v. Soc'y of Prof'l Journalists - Univ. of Haw. Chapter, 83 Hawai'i 378, 394, 927 P.2d 386, 402 (1996) [hereinafter SHOPO] (citation omitted; block quote format altered). "[P]ossession or control is a prerequisite to FOIA disclosure duties[.]" SHOPO, 83 Hawai'i at 394, 927 P.2d at 402 (citation omitted; block quote format altered).

Here, we conclude that the Circuit Court did not err in concluding that the Planning Department did not have a statutorily-based duty to maintain its records with unerring accuracy. In addition, Molfino has not cited any cases establishing a common law duty of this nature, either in Hawai'i or elsewhere, and we find none.

"Government is not intended to be an insurer of all the dangers of modern life, despite its ever-increasing effort to protect its citizens from peril." Cootey, 68 Haw. at 485, 718 P.2d at 1090 (citation and internal quotation marks omitted). Government is not "liable for all injuries sustained by private persons as a result of governmental activity, even though doing so would spread the losses over the largest possible base[.]" Cootey, 68 Haw. at 485, 718 P.2d at 1090 (citation omitted).

"Without a reasonable and proper limitation of the scope of duty of care owed by the County, the County would be confronted with an unmanageable, unbearable, and totally unpredictable liability." Cootey, 68 Haw. at 484, 718 P.2d at 1090.

Strong policy considerations compel us to reject Molfino's argument that Appellees owed a duty to maintain accurate and complete records for persons who seek information regarding the degree to which real property may be capable of subdivision.

For these reasons, the Circuit Court's January 11, 2011 judgment is affirmed.

DATED: Honolulu, Hawai'i, August 28, 2013.

On the briefs:

Peter Van Name Esser
for Plaintiff-Appellant

Laureen L. Martin
Michael J. Udovic
Deputies Corporation Counsel
for Defendants-Appellees

Presiding Judge

Associate Judge

Associate Judge